STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

SUSAN KNIGHT (CABN 209013)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5056
    FAX: (408) 535-5066
    Email: Susan.Knight@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MOHAMMED WAHEED FAIZI,<br><br>    Defendant. | Case No. CR 18-00455 EJD<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date: August 1, 2022<br>Time: 9:00 a.m.<br>Court: Honorable Edward J. Davila |

## INTRODUCTION

The defendant, Mohammed Faizi, stands before the Court to be sentenced following his guilty plea to one count of Intentional Damage to a Protected Computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(G). This offense is a Class A misdemeanor. The United States Probation Officer calculated in the Presentence Investigation Report (PSR) that the total adjusted offense level is 8 and the Criminal History Category is I, with a resulting Guidelines range of 0 to 6 months imprisonment. The Probation Officer recommends a sentence of three years of probation, 100 hours of community service, and $15,187.50 in restitution. The United States agrees with the Probation Officer's recommendation and requests that the Court to adopt it because it satisfies the sentencing factors identified under 18 U.S.C. § 3553(a)(1) and (2).

**UNITED STATES SENTENCING RECOMMENDATION**

The United States' joins the Probation Officer and the Defendant in recommending a sentence of three years of probation. It is substantively reasonable and sufficient, but not greater than necessary, to address the factors set forth in 18 U.S.C. § 3553(a).

Through the plea agreement, the defendant admitted to intentionally accessing without permission his former employer's cloud-based data storage known as iDrive and issued several commands that resulted in the deletion of 20 terabytes of data. *See* ECF No. 60, ¶ 2. His former employer, Blackline Partners ("BLP"), consisted of 36 boutique tax and financial offices that handled tax preparation, filing, and financial planning for individuals and business throughout California, including an office in Morgan Hill, California. PSR ¶ 7. For reasons unrelated to the defendant's conduct, the company is no longer in business. The deleted data consisted of tax information, including between 500 and 1,000 customers' Personal Identifiable Information (PII). *Id*. BLP reported to the FBI that the company had to re-create some of the lost data and request duplicate copies from its customers[1]. *Id*. The loss to the company is $15,187.50, which reflects BLP's costs to respond and remedy the damage from the intrusion. *Id*.

Besides the iDrive intrusion, the defendant changed the registration information for several BLP domains that were hosted by GoDaddy.com. PSR ¶¶ 9, 10-11, 13-15, 20. From approximately November 15, 2017 to December 7, 2017, a BLP executive informed the defendant that BLP's domains were set to expire at GoDaddy.com, that the defendant was listed as the registrar and administrator of the domains, and requested that he transfer the domains to BLP. PSR ¶ 20. The defendant initially agreed to transfer the control of the domains back to BLP if the company paid him a consulting fee, including a minimum of $1,600 to recover one domain. *Id*. The defendant stopped communicating with the company before any agreement was reached. *Id*. A representative from BLP informed undersigned

---

[1] The defendant objects to the references in Paragraph 7 of the PSR that the defendant's intrusion did not result in the loss of any customer tax information or PII, and that the offense involved two separate events that resulted the deletion of data. *See* PSR, Addendum. The United States concurs with the Probation Officer's response and asks the Court to accept it. There was *one* access to BLP's iDrive, but *two* different commands were executed. According to the iDrive logs, on July 13, 2017, the defendant reset the iDrive account at approximately 10:20 a.m., which caused the data to be deleted, then reconfigured the account at 10:03 a.m. causing the data to be unrecoverable. PSR ¶ 7. BLP reported to the FBI that they had to re-recreate data and ask customers for duplicate documents. *See id*.

counsel that the company no longer needs the domains and has asked the defendant to terminate them and not use them. Through his counsel, the defendant has agreed to stop paying for the domains and cease using them.

The defendant's offense conduct is serious. However, it does not appear that it was done for personal financial gain. He has no prior convictions and has agreed to pay restitution to BLP for his conduct and cancel his registration of the BLP domains under his control. Furthermore, the defendant has a compelling background fleeing from war-torn Afghanistan for Pakistan, and then eventually coming to the United States in 2013 on a Special Immigrant Visa for individuals who worked on behalf of the United States in Afghanistan. PSR ¶¶ 50-52; 54-55. The defendant is married, has a young child, and supports his mother and siblings. PSR ¶¶ 56-58. Given these mitigating factors, the government does not believe that a custodial sentence is necessary as just punishment in this instance. A probationary sentence satisfies the sentencing objectives of promoting respect of the law, and promoting specific and general deterrence.

**CONCLUSION**

With full consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court sentence the defendant to three years of probation, 100 hours of community service, and order restitution in the amount of $15,187.50 to BLF. The defendant is required to pay a $25.00 special assessment.

DATED: 7/25/22
Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*Susan Knight*
_____
SUSAN KNIGHT
Assistant United States Attorney